UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDERICK WOECKENER,

      Plaintiff,

v.                                              Case No:  8:13-cv-727-FtM-DNF

CAROLYN W. COLVIN, Acting
Commissioner of Social Security[1],

      Defendant.

_____

## OPINION AND ORDER

      Plaintiff, Frederick Woeckener, seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for a period of disability and Disability Insurance Benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the Court finds that the decision of the Commissioner is due to be **REVERSED and REMANDED**, pursuant to § 205(g) of the Social Security Act, 42 U.S.C § 405(g).

**I.**      **Social Security Act Eligibility, Procedural History, and Standard of Review**

      The law defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must

---

[1]   Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted, therefore, for Commissioner Michael J. Astrue as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

be severe, making Plaintiff unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d) (2); 20 C.F.R. §§ 404.1505-404.1511.

### A.    Procedural History

On February 1, 2010, Plaintiff filed an application for a period of disability and Disability Insurance Benefits, alleging a disability onset date of December 28, 2009. (Tr. 21).  Plaintiff's request for benefits was initially denied on May 27, 2010, and upon reconsideration on August 26, 2010. (Tr. 21).  Plaintiff filed a written request for a hearing on September 17, 2010. (Tr. 21). An administrative hearing was held before Administrative Law Judge ("ALJ") Elving L. Torres on August 31, 2011, in St. Petersburg, Florida. (Tr. 21).  On October 21, 2011, the ALJ rendered his decision, in which he determined that Plaintiff was not disabled within the meaning of the Social Security Act from December 28, 2009, through the date of the ALJ's decision. (Tr. 35). Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on February 22, 2013. (Tr. 1).

### B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking

into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. In step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

In Step Three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

In Step Four, if the claimant cannot prove that his impairment meets or equals one of the

impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f) . If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

In the Step Five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).  Only after the Commissioner meets this burden does the burden shift back to Claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

## II.    Background Facts and Summary of ALJ's Findings

### A.  Background Facts

Plaintiff was born on May 14, 1976, and was 33 years of age at the time of the alleged onset date. (Tr. 33).  Plaintiff has at least a high school education and is able to communicate in English. (Tr. 33).  Plaintiff has past relevant work experience as a grocery store checker, bagger, grocery store clerk, merchandise deliverer, and gate guard. (Tr. 33).  Plaintiff suffers from a

herniated nucleus pulposus in the lumbar spine with nerve root impingement at S1 level, obesity, and major depression with personality disorder. (Tr. 23).

### B.  The ALJ's Findings

At the first step, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014, and had not engaged in substantial gainful activity since December 28, 2009, his alleged onset date. (Tr. 23).  Although Plaintiff worked for the Census Bureau in 2010 for three to four weeks, the ALJ found that this work activity did not rise to the level of substantial gainful activity. (Tr. 23).

At the second step, the ALJ determined that Plaintiff suffered from the following severe impairments: (1) herniated nucleus pulposus in the lumbar spine with nerve root impingement at S1 level, (2) obesity, and (3) major depression with personality disorder. (Tr. 23).

At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 25).

Before proceeding to the fourth step, the ALJ made the following residual functional capacity ("RFC") determination:

> The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(a), except the claimant is limited to the following: He is capable of climbing ramps and stairs, balancing, stooping, kneeling, crouch, and crawling occasionally. He should avoid extreme vibration and climbing ladders, scaffolds, and ropes.  He is capable of understanding and carrying out simple, repetitive instructions and procedures.  He is able to make basic decisions and adapt to simple changes not requiring more than superficial interaction with the public or involving extensive social functioning demands.

(Tr. 27).  Given this RFC, at the fourth step the ALJ found that Plaintiff is unable to perform his past relevant work as a grocery store checker, bagger, grocery store clerk, merchandise deliverer, and gate guard. (Tr. 33).

At the fifth step, the ALJ considered Plaintiff's age, education, work experience, and RFC and determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 34). Relying on the testimony of the vocational expert who testified during the administrative hearing, the ALJ found that a person with Plaintiff's age, education, work experience, and RFC could work the jobs of (1) small parts assembler, (2) sewing machine operator, and (3) advertising material distributor. (Tr. 34). Additionally, the ALJ found that even if an individual with Plaintiff's age, education, work experience, and RFC was limited to sedentary work, that individual could work the job of surveillance systems monitor. (Tr. 34). Based on these findings, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from December 28, 2009, through the date of the ALJ's decision. (Tr. 35).

## III.    Specific Issues on Appeal

Plaintiff presents four issues on appeal. They are: (1) whether the ALJ erred in his mental RFC finding by failing to include the limitations set forth by the various medical providers upon whose opinion the ALJ accorded "great weight;" (2) whether the ALJ erred by failing to articulate good cause for his rejection of the opinion from Dr. Hoffman, Plaintiff's treating psychiatrist; (3) whether the ALJ committed reversible error in failing to provide any reasons for rejecting the opinion of Dr. Portman; and (4) whether the ALJ erred by relying on a hypothetical question which was not supported by substantial evidence. (Doc. 18 p. 1). The Court will address each of the issues raised by Plaintiff in turn.

**A. Whether the ALJ erred in his mental RFC finding by failing to include the limitations set forth by the various medical providers upon whose opinion the ALJ accorded "great weight"**

Plaintiff argues that the ALJ failed to include the opinions of various medical providers upon whose opinion he accorded "great weight," and thus, the ALJ's RFC assessment is not supported by substantial evidence. (Doc. 18 p. 16).  For example, Plaintiff notes that while the ALJ accorded "great weight" to the opinion of Dr. Weeks-Farnan, the ALJ failed to include Dr. Weeks-Farnan's finding that Plaintiff needs a "work environment that provides structure, routine and limited need for self motivation." (Doc. 18 p. 17).  Likewise, Plaintiff notes that while the ALJ accorded the opinion of Dr. Merin "great weight," the ALJ failed to include Dr. Merin's opinion that Plaintiff may need a job coach for the initial phases of employment. (Doc. 18 p. 17). Finally, Plaintiff argues that the ALJ erred by failing to include certain findings made by Dr. Hoffman, whose opinion the ALJ found was entitled to great weight. (Doc. 18 p. 17). Specifically, Plaintiff argues that the ALJ erred by failing to include Dr. Hoffman's finding that Plaintiff is not able to understand and remember simple instructions for 11 to 20 percent of the day. (Doc. 18 p. 17-18).  Plaintiff contends that if the ALJ had adopted this finding in his RFC, then the vocational expert's ("VE") testimony would have supported a finding of disability. (Doc. 18 p. 18).

Defendant responds that the ALJ's RFC determination is consistent with Dr. Weeks-Farnan's opinion, and there is no requirement that the ALJ use the exact wording of the opinion in his RFC determination. (Doc. 19 p. 6).  As to Dr. Merin, Defendant argues that Dr. Merin's opinion that Plaintiff may need a job coach is merely a suggestion and that the ALJ did not err by failing to adopt this suggestion in his RFC finding. (Doc. 19 p. 6).  Finally, as to the opinion of Dr. Hoffman, Defendant submits that the VE's testimony did not assume the same degree of

limitation as presented in Dr. Hoffman's assessment. (Doc. 19 p. 6). Thus, Defendant argues that the VE's testimony does not detract from the substantial evidence supporting the ALJ's denial of benefits. (Doc. 19 p. 7).

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to his or her previous work. *McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and along with the claimant's age education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.,* 877 F.Supp.2d 1254, 1265 (M.D. Fla. 2012).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physician and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

On May 24, 2010, Dr. Weeks-Farnan completed a Mental Residual Capacity Assessment of Plaintiff. (Tr. 352-354).  Commenting on Plaintiff's ability to adapt, Dr. Weeks-Farnan opined that "[a]s a result of his depression and physical pain, claimant is moderately amotivated and has transient difficulty handling significant stressors. This suggests his abilities would best be matched in a work environment that provides structure, routine and limited need for self motivation." (Tr. 354).  In his opinion, the ALJ accorded this opinion great weight. (Tr. 31).  The ALJ explained "[s]tate agency psychological consultant, Susan Weeks-Farnan, Ph.D., opined that claimant has some moderate limitations in adaptation (Exhibit 7f), and the undersigned assigns great weight to this opinion as it is consistent with the other medical opinions in the record. (Tr. 32).

Here, the Court finds that the ALJ did not err by failing to include in his RFC finding the exact language of Dr. Weeks-Farnan that Plaintiff requires a "work environment that provide structure, routine and limited need for self motivation."  In his RFC finding, the ALJ found that Plaintiff "is capable of understanding and carrying out simple, repetitive instructions and procedures" and "is able to make basic decisions and adapt to simple changes not requiring more than superficial interaction with the public or involving extensive social functioning demands." (Tr. 27).  The ALJ's inclusion of the limitation that Plaintiff can only adapt to <u>simple</u> changes shows that the ALJ considered and adopted the opinion of Dr. Weeks-Farnan, which he accorded great weight.  Accordingly, there is no inconsistency between the ALJ's decision to accord Dr. Weeks-Farnon's opinion great weight and the ALJ's ultimate RFC determination.

Likewise, the Court finds that the ALJ did not err by failing to include Dr. Merin's finding that Plaintiff may need a job coach in his RFC determination.  In his Neuropsychological Report, Dr. Merin found that "although [Plaintiff's] ability to acquire relevant information is intact, his

inability to effectively analyze and solve novel problems will contribute to frustration, depression, and confusion.  A job coach may be necessary, especially during the initial phases of employment." (Tr. 378).  The ALJ's RFC determination limiting Plaintiff to work requiring simple, repetitive instructions and that he has the ability to adapt to simple changes, accommodates Dr. Merin's suggestion that Plaintiff may need a job coach.  Thus, there is no inconsistency between the ALJ's RFC determination and the opinion of Dr. Merin.

Finally, the Court finds that the ALJ did not err in his decision to accord great weight to Dr. Hoffman's opinion that claimant has moderate limitations in understanding, remembering, and carrying out instructions; working with others; and dealing with changes in a work setting. The record shows that on June 21, 2010, Dr. Hoffman completed a check-the-box type form entitled Medical Source Assessment (MENTAL) on behalf of Plaintiff. (Tr. 356).  On the form, Dr. Hoffman indicated that Plaintiff had the following moderate limitations in his ability to: (1) understand, remember simple instructions; (2) carry out simple instructions; maintain attention and concentration for more than 10 minutes; (4) sustain routine without special supervision; (5) work in coordination with or proximity to others without being distracted by them; (6) complete a normal workday and workweek without interruptions from psychologically based symptoms; (7) interact appropriately with the general public; and (8) deal with changes in a work setting. (Tr. 356).  The form defined "moderate" as "able to perform designated task or function, but has or will have noticeable difficulty (distracted from job activity) from 11-20 percent of the work day or work week (i.e. more than one hour/day or more than one-half day/week)." (Tr. 356). Given the form's definition of "moderate," contrary to Plaintiff's claim, the VE did not testify that a hypothetical person with the limitations found by Dr. Hoffman could not perform substantial gainful activity.  At the hearing, the VE was asked to assume an individual "who 11

to 20 percent of the work day or work week <u>could not</u> understand and remember simple instructions or carry them out." (Emphasis added). Thus, the hypothetical question posed to the VE assumed greater limitations than Dr. Hoffman indicated on the Medical Source Assessment (MENTAL). As Defendant correctly notes, the question is different than the finding Dr. Hoffman indicated in his assessment, where, according to the definition of moderate, he opined Plaintiff would have difficulty 11 to 20% of the work day, not that he would be precluded from doing these activities altogether.

For the above reasons, the Court finds that the ALJ did not err by according great weight to the opinions of Drs. Weeks-Farnan, Merin, and Hoffman and failing to include the limitations Plaintiff alleges these doctors found.

### B. Whether the ALJ erred by failing to articulate good cause for his rejection of the opinion from Dr. Hoffman, Plaintiff's treating psychiatrist

Plaintiff argues that although the ALJ properly accorded great weight to a portion of Dr. Hoffman's opinion, the ALJ erred in his decision to accord "little weight" to the remaining portion of his assessment. (Doc. 18 p. 18). Plaintiff contends that the ALJ failed to demonstrate "good cause" for rejecting the portion of Dr. Hoffman's opinion he accorded little weight. Plaintiff contends that the ALJ's generic statement that the "remaining portion of [the ALJ's] assessment because it is not consistent with the record as a whole" is deficient as a matter of law. (Doc. 18 p. 20). Additionally, Plaintiff argues that the ALJ's finding that "there is little to no evidence that the claimant is severely limited in performing activities with a schedule and maintaining regular attendance" is not supported by substantial evidence. (Doc. 18 p. 21). Defendant responds that the ALJ gave little weight to some portions of Dr. Hoffman's opinion because those portions were not consistent with the record as a whole.

Besides the moderate limitations indicated by Dr. Hoffman on the Medical Source Assessment (Mental) described above, Dr. Hoffman further marked that Plaintiff has severe limitation in his ability to: (1) perform activities within a schedule; (2) maintain regular attendance; (3) perform at a consistent pace without unreasonable number and length of rest period; and (4) respond appropriately to supervisors, coworkers, and usual work situations. (Tr. 356). The form defined "severe" as "not able to perform designated task or function on regular, reliable, and sustained schedule." (Tr. 356).

As explained above, the ALJ specified in his opinion that "great weight" was given to Dr. Hoffman's opinion that Plaintiff has moderate limitations understanding, remembering, and carrying out instruction; working without others; and dealing with changes in a work setting. As to Dr. Hoffman's findings of severe limitation, the ALJ assigned these opinions little weight, finding that these opinions were not consistent with the record as a whole. (Tr. 32). The ALJ found that "[n]otably, there is little to no evidence that the claimant is severely limited in performing activities with a schedule and maintaining regular attendance." (Tr. 32). The entirety of the ALJ's analysis rejecting Dr. Hoffman's severe limitation findings is contained in two sentences. (Tr. 32).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity

the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)). The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

Here, the Court finds that the ALJ erred in his analysis of treating physician Dr. Hoffman's severe limitation findings. As a treating physician, Dr. Hoffman's opinion was entitled to significant weight. The fact that the ALJ accorded great weight to a portion Dr. Hoffman's opinion did not excuse him from *Winschel*'s requirement to explain his reasoning for according the remaining portion of Dr. Hoffman's findings little weight. *See Person – Littrell v. Comm'r Soc. Sec.,* 2012 WL 3609856, at *3 n. 2 (M.D. Fla. Aug. 22, 2012) (explaining that *Winschel* requires an ALJ to state the reasons with particularity for rejecting a portion of a physician's opinion even after according another portion great weight). Thus, to overcome this presumption, the ALJ was required to show good cause why Dr. Hoffman's severe limitation findings were not entitled to great weight. The ALJ failed to do so. The ALJ's two sentence explanation for his rejection of Dr. Hoffman's fails to establish the necessary good cause for the ALJ to accord his treating physician's opinion less than considerable weight. Notably, the ALJ did not even mention Dr. Hoffman's findings that

Plaintiff is severely limited in his ability to perform at a consistent pace without an unreasonable number and length of rest periods and respond appropriately to supervisors, coworkers, and usual work situations. (Tr. 356).  Given the ALJ's sparse analysis, the Court is unable to conduct a meaningful judicial review of the ALJ's opinion concerning his conclusion that Dr. Hoffman's severe limitation findings were entitled to little weight. *Robinson v. Astrue,* 2009 WL 2386058, at *4 (M.D. Fla. Aug. 3, 2009).  Therefore, the Court finds that this case due to be remanded with instructions to the ALJ to provide further analysis of Dr. Hoffman's opinions.

### C. Whether the ALJ committed reversible error in failing to provide any reasons for rejecting the opinion of Dr. Portman

Plaintiff argues that Dr. Portman was a treating physician and the failure of the ALJ to specify the weight he gave Plaintiff's treating physician constitutes reversible error. (Doc. 18 p. 22).  Plaintiff contends that the ALJ failed to comply with Social Security Ruling 96-8p which provides that the "RFC assessment must always consider and address medical source opinions" and "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted".  (Doc. 18 p. 22).

Defendant responds that Dr. Portman was not Plaintiff's treating physician and, consequently, his opinion would not be entitled to any special weight or consideration. (Doc. 19 p. 10).  Moreover, Defendant argues, whether or not the ALJ erred by not specially rejecting Dr. Portman's opinion regarding Plaintiff's ability to stand, is irrelevant because the VE testified that there were jobs Plaintiff could perform if he was limited to sedentary work, and all other aspects of the RFC were in place. (Doc. 19 p. 10).

On January 16, 2010, Dr. Steven Portman completed a Medical Verification Form in which he indicated that Plaintiff suffers from lumbago with left femoral neuropathy, and is

capable of performing work sitting down, but not standing. (Tr. 411).  Dr. Portman found that Plaintiff had restrictions in lifting and bending. (Tr. 411).  Dr. Portman indicated that Plaintiff's condition was temporary and estimated that it would last four months. (Tr. 411).

As stated above, the Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel,* 631 F3d at 1176.  Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

A review of the ALJ's opinion demonstrates that the ALJ failed to mention the opinion of Dr. Portman.  Although Dr. Portman specified that his limitation findings were based on conditions that were estimated to last for a duration of 4 months, and thus, fails to satisfy the definition of disability, the ALJ was nevertheless required under *Winschel* to address and state the weight he accorded Dr. Portman's opinion.  The ALJ's failure to do so is reversible error. Accordingly, upon remand, the Court will require the ALJ to address and analyze Dr. Portman's opinion.

### D.  Whether the ALJ erred by relying on a hypothetical question which was not supported by  substantial evidence

As the ALJ's findings upon remand may alter his RFC determination, the Court will not consider at this time whether the hypothetical questioning relied upon by the ALJ was supported by substantial evidence.  The ALJ, if necessary, shall alter his step five finding as is appropriate.

**IV.  Conclusion**

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence.  The decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to properly analyze the opinion of Plaintiff's treating physician Dr. Hoffman and to analyze the opinion of Dr. Portman. The Clerk of Court is directed to enter Judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on May 7, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties